## Milne's Appeal.

A bill in equity, for discovery of facts alleged to be material to a just determination of an issue pending in an action at law, refused, in a case where plaintiff had other remedies adequate to compel the discovery sought for.

(Decided January 25, 1886.)

Appeal from a decree of the Common Pleas, No. 1, of Philadelphia County sitting in equity, sustaining a demurrer to a bill for discovery. Affirmed.

This was a bill for discovery in aid of an action at law filed by Francis F. Milne against Benjamin Bullock, George Bullock, and James M. Bullock.

The bill set forth that there existed on May 8, 1871, a general partnership between the defendants and their brother Joseph W. Bullock, since deceased; that on that day the partnership was dissolved and a limited partnership was formed in which Joseph W. Bullock and Benjamin Bullock were to be general partners, and George Bullock and James M. Bullock were to be special partners; that this firm became indebted to plaintiff in the sum of $66,684.58 for money loaned to the firm; that there was pending an action at law to recover that debt. It alleged that the special partners had become general partners by violating the provisions of the special partnership law, and sought a discovery relative to the alleged violations. Joint and separate de-

NOTE.—The necessity for bills of discovery has been much diminished by modern statutory enactments, and a demurrer will be sustained when the end sought may be accomplished by a rule for the production of papers under the act of February 27, 1798, or when the papers desired may be secured under a *subpœna duces tecum*. Rice v. West, 7 Pa. Dist. R. 764, 16 Lanc. L. Rev. 71, 22 Pa. Co. Ct. 122. The act of April 1st, 1863 (P. L. 188), ousts equity jurisdiction to compel production of unrecorded deeds. Ayers v. Ayers, 8 Pa. Dist. R. 734, 6 Lack. Legal News, 50. The acts, allowing a party to call his adversary as a witness, do not, at least when the adversary is a corporation, prevent the filing of a bill of discovery. Block v. Universal Ins. Co. 16 Phila. 72. The right to a bill of discovery in certain cases, is recognized in Black v. Bohlen, 175 Pa. 491, 34 Atl. 804, and People's Nat. Bank v. Kern, 193 Pa. 59, 44 Atl. 331.

As to right to discovery by bill in equity where the statutes provide for the examination of the parties before trial, see editorial note to Cargill v. Kountze Bros. 24 L. R. A. 183, presenting in full the authorities on that question.

MILNE'S APPEAL.

murrers were filed by the partners to the bill and it was dismissed, and plaintiff appealed.

*Charles Hart* for appellant.

*Morgan & Lewis* for Benjamin Bullock.

*John G. Johnson* and *Samuel Dickson,* for George and James Bullock.—The bill is simply a bill for the production of books and papers.

The plaintiff can compel the production of the papers by subpœna, and discovery is unnecessary. A discovery will not be granted, in aid of the proceedings of another court which has ample jurisdiction to grant the same relief. Gilder v. Merwin, 6 Whart. 522; McFillin v. Bank, 8 Phila. 308.

A bill cannot be maintained as a bill for discovery in aid of a suit at law, if there is no allegation that it is material that the complainant should have the discovery; or if there is no allegation that the court of law in which the case is pending cannot compel the discovery. Courts of equity do not interfere when discovery is sought in aid of proceedings in some other court which can itself compel the discovery required. Markey v. Mutual Ben. L. Ins. Co. (Mass.) 3 L. & Eq. Rep. 647.

The special partners are not bound by the entries in the books. A partner of a foreign house, carrying on business abroad, he residing and carrying on business in England on his own account, is not bound to know the transactions of the foreign partnership, although they are binding on him; and, consequently, he will not be required to set forth a schedule of books, etc., relating to and in the custody of the foreign house. Martineau v. Cox, 2 Younge & C. Ex. Ch. 638.

Defendant need not set forth an account of the transactions of a trade in which the plaintiff pretends to have been a partner, if there is a clear denial of the partnership. Jacobs v. Goodman, 2 Cox Ch. Cas. 282.

Even in the case of ordinary partnership a partner is not affected by entries made without his knowledge. Hutcheson v. Smith, 5 Ir. Eq. Rep. 117; Reeve v. Whitmore, 2 Drew & S. 446.

It must appear that the partner sued had access to the books, or in some way authorized the entries charging him. Adams v. Funk, 53 Ill. 219; Turnipseed v. Goodwin, 9 Ala. 372.

The general partner is not interested in the question, and is only a witness to this issue. As to special partnership, see Seibert v. Bakewell, 87 Pa. 508.

The answer of one defendant cannot be used against the others, as there is no opportunity for cross examination. Chervet v. Jones, 6 Madd. & G. 268; Morse v. Royal, 12 Ves. Jr. 355.

One set of defendants is not bound to answer questions upon the cases of other defendants. Tomlinson v. Swinnerton, 2 Jur. 393.

Where witness is made party merely for purpose of discovery, it is demurrable. How v. Best, 5 Madd. 19.

A bill of discovery will not lie against one who may be examined as a witness. Phillips v. Kern, 6 Phila. 9.

And see generally: Hare, Discovery; Story, Eq. Pl. § 323.


PER CURIAM:

It is undoubtedly true that a bill in equity will lie in some cases for the discovery of facts material to a just determination of an issue pending in an action at law.

The reason, however, for sustaining a bill is much less now than before parties could be compelled to testify. In this case the facts averred in the demurrers are amply sufficient to justify the court in sustaining the demurrers, and in dismissing the bill.

The special partners have not the custody of the books and are not bound by the entries therein. In fact, the books are in the possession of the assignee, and not in the possession or control now of either the general or special partners. The appellant here has other adequate remedy to compel the discovery sought for.

Decree affirmed and appeal dismissed, at the costs of the appellant.